UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/19
```

JOSE EDUARDO CHIRIX, *et al.*,

            Plaintiffs,

-against-

LUPE'S EAST L.A. KITCHEN, INC., *et al.*,

            Defendants.

18cv00819 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter to the Court, explaining why they believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 44.) The Court has reviewed the parties' submission in order to determine whether the proposed agreement (Dkt. 44-1; *see also* Dkt. 44-2 (Addendum)) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and the Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during an arms-length settlement mediation conducted by this Court), it is hereby ORDERED that:

    1.    The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the agreement is therefore approved.

2.      The Court notes that the proposed settlement agreement, as well as the parties' Stipulation and [proposed] Order of Dismissal, expressly contemplate that this Court will retain jurisdiction over this action for purposes of enforcement of the agreement. (*See* Dkts. 44-1 ¶ 7, 44-5.) In light of this, and in order to effectuate the evident intent of the parties, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement.

3.      As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
         July 31, 2019

                                    SO ORDERED

                                    _____
                                    DEBRA FREEMAN
                                    United States Magistrate Judge

Copies to:

All counsel (via ECF)